IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| ERIC MALLETTE, | * |
|     Plaintiff, | * |
| vs. | * |
| |     CASE NO. 4:10-CV-13 (CDL) |
| JAMES CLIFTON NASH, | * |
|     Defendant. | * |

O R D E R

This action arises from an automobile accident that Plaintiff alleges caused him personal injuries. Plaintiff seeks, among other things, damages for future medical expenses. *See* Compl. ¶¶ 17-18, ECF No. 1-1. Presently pending before the Court is Plaintiff's Motion in Limine (ECF No. 12) which seeks to exclude evidence of "discounted rates or any mention whatsoever of any collateral source payment of or expected payment of plaintiff's medical bills." Pl.'s Mot. in Limine 2 ¶ 4, ECF No. 12. For the following reasons, Plaintiff's motion is granted.

Plaintiff intends to introduce evidence at trial that he will incur future medical expenses proximately caused by Defendant's negligence. Under Georgia law, such expenses are recoverable if they are proven with reasonable certainty. *See* O.C.G.A. § 51-12-7 ("In all cases, necessary expenses consequent upon an injury are a legitimate item in the estimate of damages."); *Bennett v. Haley*, 132

Ga. App. 512, 515, 208 S.E.2d 302, 306 (1974) (approving as a pattern jury instruction: "If you find that the Plaintiff is entitled to recover and that the evidence shows with reasonable certainty that the Plaintiff will sustain in the future medical expenses proximately caused by one or both of the Defendants who you find liable and shows with reasonable certainty the amount of such future medical expenses, the Plaintiff would be entitled to recover the amount thereof[.]"). "An award of future medical expenses is authorized where it is supported by competent evidence to guide the jury in arriving at a reasonable value for such expenses." *Hart v. Shergold*, 295 Ga. App. 94, 96, 670 S.E.2d 895, 898 (2008) (internal quotation marks omitted).

In response to Plaintiff's claim for future medical expenses, Defendant "seeks to introduce evidence of a discounted payment plan that reflects that actual amount to be billed in the event of a future surgery." Def.'s Resp. to Pl.'s Mot. in Limine 1, ECF No. 18 [hereinafter Def.'s Resp.]. Apparently, Plaintiff's physician has agreed to accept as full payment for any future surgery the amount that Plaintiff's insurance company agrees to pay. Defendant argues that the jury should be able to consider this evidence in its evaluation of Plaintiff's claim for future medical expenses. Plaintiff maintains that this collateral source evidence is not admissible under Georgia law.

2

It is undisputed that the "discount" Plaintiff's physician has agreed to provide arises from a contractual agreement with a collateral source, Plaintiff's insurance company. The Georgia collateral source rule "bars the defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party and taking any credit toward the defendant's liability and damages for such payments." *Hoeflick v. Bradley*, 282 Ga. App. 123, 124, 637 S.E.2d 832, 833 (2006). Although Defendant maintains that he does not seek to introduce any evidence that these payments will be made by any collateral source, but intends only to show that an agreement is in place as to the amounts that would be paid, the effect of admitting this evidence clearly will be to give Defendant credit for payments from a collateral source.

Defendant, having found no Georgia law supporting his argument, relies upon the Indiana Supreme Court's interpretation of the Indiana collateral source statute. In *Stanley v. Walker*, 906 N.E.2d 852, 858 (Ind. 2009), the Indiana Supreme Court held that Indiana's "collateral source statute does not bar evidence of discounted amounts in order to determine the reasonable value of medical services. To the extent the adjustments or accepted charges for medical services may be introduced into evidence without referencing insurance, they are allowed." *Id.* The law of Indiana, however, has no application in this present action pending in a federal court

3

sitting in the State of Georgia where jurisdiction is based upon diversity of citizenship. This Court must apply Georgia substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938); *see also Southern v. Plumb Tools, a Div. of O'Ames Corp.*, 696 F.2d 1321, 1323 (11th Cir. 1983) (per curiam) (holding that Alabama's common law collateral source rule was substantive law to be applied by federal courts in diversity cases); *Bradford v. Bruno's, Inc.*, 41 F.3d 625, 626-27 (11th Cir. 1995) (per curiam) (holding that Alabama's collateral source statute was substantive law and collecting cases for the proposition that "a federal court sitting in diversity must apply the collateral source rule of the state whose law governs the case"), *withdrawn and superseded on other grounds by*, 94 F.3d 621 (11th Cir. 1996). Therefore, reliance upon *Stanley* is misplaced, unless the Court determines that it is, or would likely be, the law in Georgia. Defendant has failed to direct the Court to any case holding that such evidence is admissible under Georgia law. *See* Def.'s Resp. 1 (acknowledging that Defendant's argument "has not been addressed in Georgia"). Further, the Court is unpersuaded that the Georgia courts would likely adopt *Stanley*'s rationale in their interpretation of the Georgia collateral source rule and its application to discount payment plan evidence.

First, *Stanley* was decided under the Indiana collateral source *statute*, not the Georgia common law collateral source rule. *Denton*

4

*v. Con-Way S. Exp., Inc.*, 261 Ga. 41, 46, 402 S.E.2d 269, 272 (1991) (declaring O.C.G.A. § 51-12-1(b)—which abolished the Georgia collateral source rule—unconstitutional), *disapproved on other grounds in Grissom v. Gleason*, 262 Ga. 374, 376, 418 S.E.2d 27, 29 (1992). Indiana's collateral source *statute* is narrower (i.e. excludes less evidence) than the Georgia common law collateral source rule. *Compare Stanley*, 906 N.E.2d at 855 ("Pursuant to [the Indiana] collateral source statute, evidence of collateral source payments may not be prohibited except for specified exceptions.") *with Hoeflick*, 282 Ga. App. at 124, 637 S.E.2d at 833 (stating that the Georgia collateral source rule "bars the defendant from presenting any evidence as to payments of expenses of a tortious injury paid for by a third party and taking any credit toward the defendant's liability and damages for such payments."). Therefore, while *Stanley* may have held that certain evidence is admissible under the narrower Indiana collateral source *statute*, it did not address the admissibility of evidence under the broader Georgia *common law* collateral source rule. Therefore, *Stanley* is clearly distinguishable from the present case because the substantive law applied there is different from the applicable law here.

Second, in addition to being distinguishable on the applicable law, *Stanley* is *factually* distinguishable from this case. In *Stanley*, the plaintiff introduced his *past* medical bills as evidence

5

of the reasonable value of his *past* medical expenses, and the defendant responded with evidence of the discounted amounts accepted as full payment for those expenses. *Stanley*, 906 N.E.2d at 854. Here, however, Defendant seeks to introduce a "discounted payment plan" that he contends *would* apply to *future* medical expenses. Def.'s Resp. 1. Since Defendant seeks to apply his "discounted payment plan" evidence to Plaintiff's *future* medical expenses, it is only relevant if the factfinder speculates that Plaintiff will have medical *insurance* in the future. The factfinder's calculation of the reasonable value of Plaintiff's future medical expenses cannot be based on such guesswork. *See Hart*, 295 Ga. App. at 96, 670 S.E.2d at 898 (stating that competent evidence must guide the jury to a reasonable value for future medical expenses); *Tucker Nursing Ctr., Inc. v. Mosby*, 303 Ga. App. 80, 82, 692 S.E.2d 727, 730 (2010) (stating that the jury is not allowed to determine medical expenses "based on guess work" (internal quotation marks omitted)).

Finally, and perhaps most importantly, the Georgia law that does exist on this issue, while not being directly on point, strongly suggests that the Georgia courts would exclude the proffered evidence as inadmissible under the Georgia collateral source rule. In several instances, the Georgia Court of Appeals has excluded evidence that is similar to Defendant's "discounted payment plan" evidence as derivative of a collateral source. *See Bennett*, 132 Ga. App. at 524,

208 S.E.2d at 312 (holding trial court did not err in refusing to permit cross examination of doctor as to his having accepted payment in full for his services in accordance with Medicaid regulations); *Olariu v. Marrero*, 248 Ga. App. 824, 825-26, 549 S.E.2d 121, 123 (2001) (affirming trial court's exclusion of any reference to hospital's write-off of plaintiff's medical bill).[1]  Therefore, the Court is unpersuaded by Defendant's reliance upon the Indiana Supreme Court's rationale in *Stanley v. Walker* and finds under Georgia law that Defendant's "discounted payment plan" evidence should not be admitted in this action to prove the reasonable value of Plaintiff's alleged future medical expenses.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant's "discounted payment plan" evidence is inadmissible as a collateral source on the issue of the reasonable value of Plaintiff's alleged future medical expenses.  Accordingly, Plaintiff's Motion in Limine (ECF No. 12) is granted.

---

[1]The Georgia Court of Appeals decision in *Olariu v. Marrero* was cited by Justice Dickson in his dissent in *Stanley*.  906 N.E.2d at 865 n. 4. Yet, counsel for Defendant did not bring that to the Court's attention in his briefing.  The Court reminds counsel of his duty of candor to the tribunal.  Ga. Rules of Prof'l Conduct 3.3(a)(3) & cmt. 3.

7

IT IS SO ORDERED, this 22nd day of February, 2011.

                                                  S/Clay D. Land
                                                      CLAY D. LAND
                                      UNITED STATES DISTRICT JUDGE